IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAMELA DE SOMOV, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:25-CV-839-E-BW | |
| § | | |
| JULIE BARNES, et al., § | | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Before the Court is Plaintiff's Complaint for Damages and Injunctive Relief, received on April 4, 2025. (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should **DISMISS** the complaint without prejudice for improper venue.

**I. BACKGROUND**

Pamela de Somov, a licensed mortgage loan officer in Texas and current resident of Collin County, Texas, filed this civil action against Defendants Julie Barnes and Margaret Sano, alleged residents of New York. (*See id.* at 1-2.) According to de Somov, in April 2023, Barnes contacted de Somov's former employer and then-current employer by phone, text message, and email with defamatory statements and information about de Somov. (*See id.* at 2.) Barnes also allegedly registered a domain address of de Somov's name in 2017 under Sano's

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management.

name in order to conceal her identity, and this domain address redirects users to a blog falsely and maliciously identifying de Somov as a scammer. (*See id.*) De Somov also alleges that Barnes has posted defamatory ads, fraudulent reviews, copyrighted material, and personal photos online relating to de Somov, and has contacted other third parties about de Somov to smear her reputation. (*See id.*) Barnes allegedly has updated and maintained these postings and most recently renewed the domain address in March 2025. (*See id.*) Based on these allegations, de Somov asserts several causes of action against Defendants under state and federal law and seeks monetary and injunctive relief. (*See id.* at 3.)

## II.  VENUE

The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for the claims de Somov appears to assert in her complaint. *See Davis v. La. State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989). Section 1391(b) provides that venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claims occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. A district court has the discretionary authority to transfer cases filed in the wrong division or district to cure a defect in venue under 28 U.S.C. § 1406(a), but it may do so only if it is in the interest of justice to make such a transfer. *See* 28

U.S.C. § 1406(a).  A district court may raise the issue of venue *sua sponte*.  *See, e.g.*, *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989).

Here, de Somov generally states that "[v]enue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and the Plaintiff resides in Frisco, Texas." (Dkt. No. 3 at 1.)  Aside from this conclusory statement, the complaint does not allege any facts to support a finding that any substantial events or omissions took place within the geographical boundaries of the Northern District of Texas such that venue would be proper in this Court.  For example, de Somov does not allege facts showing that either of the Defendants—both of whom are allegedly residents of New York—registered the domain address or posted any of the alleged fraudulent or defamatory statements of which de Somov complains, or contacted de Somov's former employers within this District.  Further, even if the Court liberally construes de Somov's complaint to allege that a substantial part of the events or omissions giving rise to her claims occurred in Collin County, where she currently resides, Collin County is located in the Eastern District of Texas, Sherman Division.  *See* 28 U.S.C. § 124(c)(3).  There is no indication that venue lies in this District.[2]

In this case, it is not in the interest of justice to transfer this action because it is unclear where any part of the events or omissions giving rise to de Somov's claims

---

[2] The Court notes that the complaint also alleges that the Travis County Sheriff's Department issued a cease and desist letter to Barnes in December 2024.  (*See* Dkt. No. 3 at 3.)  To the extent de Somov relies on this allegation to establish venue, Travis County is not within the geographical boundaries of this District; rather, it is located in the Western District of Texas, Austin Division.  *See* 28 U.S.C. § 124(d)(1).

occurred. From the complaint, it appears that a substantial part of the events or omissions giving rise to de Somov's claims may have occurred in: (1) a district in New York where either Defendant resides[3]; (2) the Eastern District of Texas, Sherman Division, to the extent it seems de Somov may be attempting to allege that the harm or injuries for which she seeks relief occurred in Collin County; (3) the district or districts where her former employers received allegedly false and defamatory statements about de Somov; or (4) the Western District of Texas, Austin Division, to the extent any of her claims arise from the cease-and-desist letter issued by the Travis County Sheriff's Department. *See* 28 U.S.C. § 1391(b)(2). The Court therefore should dismiss this case for improper venue and without prejudice to de Somov's filing her complaint in a proper venue, rather than transferring this case to one of several proper venues.

## III. RECOMMENDATION

The Court should **DISMISS** Plaintiff's Complaint for Damages and Injunctive Relief, received on April 4, 2025 (Dkt. No. 3), without prejudice for improper venue.

**SO RECOMMENDED** on April 9, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

---

[3] Venue may also be proper pursuant to 28 U.S.C. § 1391(b)(1) in the district in New York where either Barnes or Sano resides.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).